IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**KEVIN D.,**

        **Plaintiff,**

v.                                           Civil Action 3:24-cv-00082
                                                 Magistrate Judge Kimberly A. Jolson

**COMMISSIONER OF**
**SOCIAL SECURITY,**

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1). (Doc. 17). For the following reasons, the Motion is **GRANTED**. Richard F. Brian shall be awarded attorney's fees in the amount of $10,650.25. Because he previously received attorney's fees under the Equal Access to Justice Act ("EAJA"), any amount received under the EAJA shall be returned to Plaintiff to prevent double recovery of fees. *See Jankovich v. Brown*, 886 F.2d 867 (6th Cir. 1989).

I.     BACKGROUND

Plaintiff filed his Complaint on March 14, 2024, seeking judicial review from this Court of the Social Security Administration's ("SSA") denial of Social Security benefits. (Doc. 1; *see also* Doc. 4 (noting that if no party withheld consent to Magistrate Judge jurisdiction, the case would remain assigned to the Magistrate Judge for all matters under General Order 22-04)). On August 27, 2024, the Court entered judgment in favor of Plaintiff, reversed the Commissioner's non-disability finding, and remanded the case to the Commissioner under Sentence Four of § 405(g). (Docs. 12, 13). Following remand, the Court granted Plaintiff $7,014.31 in attorney's fees. (Doc. 15).

Attorney Brian now moves for an award of attorney's fees in the amount of $10,650.25 under 42 U.S.C. § 406(b)(1). (Doc. 17-1). The Court allowed the Commissioner time to respond, but he chose not to. (Doc. 18). This matter is ready for consideration.

## II. STANDARD

In Supplemental Security Income ("SSI") or Disability Insurance Benefit ("DIB") cases, the Court is authorized to award attorney's fees following a successful Social Security disability appeal. *See* 42 U.S.C. §§ 406(b)(1), 1383(d)(2). Such contingency fees (1) may not exceed 25 percent of the past-due benefits, which the claimant receives as a result of an appeal, and (2) must additionally be reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 802 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for the court's review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* A twenty-five percent contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* A windfall can never occur when "the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990). Additionally, "[a] hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id.*

**III.     DISCUSSION**

As stated, the Court previously awarded Plaintiff $7,014.31 in attorney's fees under the EAJA.  (Doc. 15).  Now, counsel requests fees under 42 U.S.C. § 406(b)(1) and his contingency fee agreement with Plaintiff in the amount of $10,650.25.  (Doc. 17-1).  Attorney Brian provides the relevant fee agreement, Plaintiff's Notice of Award, evidence of the standard hourly rate for work performed in the relevant market, and time sheets documenting the time attorneys and paralegals spent on Plaintiff's case.  (Docs. 17-2, 17-3, 17-4, 17-5, 17-6, 17-7).  The Court finds the amount requested to be reasonable and does not result in a windfall.

To begin, according to Plaintiff's SSD Notice of Award, past due SSD benefits for April 2021 through October 2025 was $79,401.00.  (Doc. 17-1 at 2; *see also* Doc. 17-3 at 7).  Twenty-five percent of that amount is $19,850.25.  (Doc. 17-1 at 2).  And Plaintiff's agency attorney's fee petition was approved in the amount of $9,200.00 for representation at the post-litigation hearing.  (*Id.*).  Attorney Brian requests the remaining $10,650.25 under his valid contingency agreement with Plaintiff, which states that "the attorney shall change and receive as the fee an amount equal to twenty-five percent of the past due benefits awarded to Plaintiff and his family if he won his case."  (Doc. 17-1 at 1–2; *see also* Doc. 17-2).

The Court must consider whether $10,650.25 is reasonable or otherwise would be a windfall.  To this end, Attorney Brian states that the attorneys and paralegals who worked on Plaintiff's case worked a total of 33.3 hours.  (Doc. 17-1 at 2; Doc. 17-5).  Of that total, 5.7 hours were paralegal time, and 27.6 hours were attorney time.  (Doc. 17-1 at 2; Doc. 17-5).  Upon review of the timesheets submitted with this Motion, the Court finds the time Plaintiff's counsel devoted to this matter reasonable.

He further notes the paralegal billing rate is $80.00 per hour, which has also been found to

be a reasonable rate for paralegal services in this context. (Doc. 17-1 at 2); *see Jearame B. v. Comm'r of Soc. Sec.*, No. 1:21-cv-228, 2023 WL 1861429, at *2 (S.D. Ohio Feb. 9, 2023). Here too, the Court finds $80.00 per hour reasonable. *See also Amanda Mary B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1036, 2024 WL 3337772, at *2–3 (S.D. Ohio July 9, 2024) (finding counsel's requested fee reasonable based on the hypothetical hourly rates of $80 per hour for paralegal work), *report and recommendation adopted sub nom. Amanda B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1036, 2024 WL 3696373 (S.D. Ohio Aug. 7, 2024).

Turning to attorney work, Attorney Brian calculates the effective hourly rate at $369.36. (Doc. 17-1 at 2). To reach this number, he multiplied the 5.7 paralegal hours by the $80 per hour billing rate, subtracted that number from $10,650.25, and then divided the difference by the 27.6 hours of attorney work. (*Id.*). This rate is also reasonable for a few reasons. First, this Court has found even higher attorney rates reasonable in Social Security cases with a contingency fee agreement. *See Twyla D. v. Comm'r of Soc. Sec. Admin.*, No. 3:19-CV-368, 2025 WL 715510, at *2 (S.D. Ohio Mar. 6, 2025) (approving a hypothetical hourly rate of $728.60 and collecting cases).

Additionally, Attorney Brian provided documentation demonstrating that the mean hourly rate for attorneys in Ohio in Elder law/Public benefits/ERISA cases was $316.00 in 2023. (Doc. 17-4 at 42). The Sixth Circuit has recognized that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422. Counsel's hypothetical hourly rate of $369.36 is less than twice of $316.00. Therefore, there is no windfall. Notably the Commissioner did not contest this amount in a response. All things considered, the Court concludes counsel's requested fee is reasonable.

Accordingly, the Court **GRANTS** the Motion.  As a final matter, Attorney Brian represents that, because he previously received attorney's fees under EAJA, any amount received will be returned to Plaintiff to prevent double recovery of fees.  (Doc. 17-1).  This is correct under the law.  *See Jankovich*, 886 F.2d 867.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion (Doc. 17) is **GRANTED**, and Plaintiff's counsel is awarded a fee of $10,650.25.  Because he previously received attorney's fees under the EAJA, counsel is **ORDERED** to remit to Plaintiff any amount received under the EAJA to prevent double recovery of fees.

IT IS SO ORDERED.

Date: February 6, 2026    /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE